UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.: 2:26-cv-1248

LISA LUCANIA,
and other similarly-situated individuals,

      Plaintiff(s),

v.

SHIFTSMART, INC.,

      Defendant.

_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff, LISA LUCANIA, and other similarly situated

individuals, by and through the undersigned counsel, and hereby sues Defendant

SHIFTSMART, INC., and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid regular wages

   and overtime wages under the laws of the United States.  This Court has

   jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219

   (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff, LISA LUCANIA (hereinafter, "LUCANIA" or "Plaintiff") is a Lee County, Florida, resident within the jurisdiction of this Honorable Court and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant, SHIFTSMART, INC. (hereinafter, "SHIFTSMART" or "Defendant") is a foreign Corporation doing business in Lee County, Florida, within this Honorable Court's Jurisdiction. Defendant SHIFTSMART was the employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. At all times material, Defendant was and is engaged in interstate commerce.

4. All the actions put forward in this complaint took place in Lee County, Florida, within this Court's jurisdiction.

## General Allegations

5. Plaintiff, LUCANIA, brings this cause of action as a collective action to recover from Defendant SHIFTSMART regular wages, overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA or the "Act") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked more than forty (40) hours during one or

more weeks on or after January 2026, (the "material time") without being adequately compensated.

6. Defendant SHIFTSMART is a technology-driven labor marketplace and workforce management platform that connects companies with qualified, flexible workers for short-term and hourly shifts. Plaintiff performed her job at various Circle K locations in Lee County.

7. Defendant SHIFTSMART was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). The defendant is a technology-driven labor marketplace and workforce management platform. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce; by accepting and soliciting funds from non-Florida sources; by using electronic devices to authorize credit card transactions; and by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

8. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a Stocking employee and

performed general stocking work in various Circle K locations, stocking coolers and also engaging in food preparation. Plaintiff worked with out-of-state products, used instrumentalities of interstate commerce, and handled and worked with goods and materials that were moved in interstate commerce at any time during business. Therefore, there is individual coverage.

9. Defendant SHIFTSMART employed Plaintiff LUCANIA as a non-exempt, full-time stocking employee from January of 2026, to the present, or approximately 15 weeks.

10. During the relevant period, Plaintiff worked primarily as a stoking employee. In addition to stocking, she was responsible for various other general tasks convenient store tasks, including food preparation.

11. Plaintiff had an hourly rate of $16.00. Plaintiff's overtime should be $24.00 per overtime hour.

12. While employed by Defendant SHIFTSMART, Plaintiff worked from Monday to Sunday, approximately 30 to 35 hours per week "on the clock". However, Plaintiff was working a total of up to 45 hours per week, including time "off the clock".

13. While employed by Defendant, Plaintiff was not paid her wages properly.

14. Plaintiff regularly worked over 40 hours per week, however, despite working up to 45 hours, Plaintiff was not paid for every hour worked, and she was not compensated for overtime hours as mandated by law

15. Thus, Plaintiff has not been paid overtime hours during her entire employment period, as required by law.

16. Plaintiff clocked in and out using the telephone application, however, the application system automatically clocks Plaintiff out despite Plaintiff continuing to work compensable hours.

17. Defendant SHIFTSMART controls Plaintiff's schedule and activities. Defendant SHIFTSMART was, and is, aware of the number of hours that Plaintiff and other similarly situated individuals were and are working.

18. Therefore, Defendant SHIFTSMART willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

19. Furthermore, Defendant SHIFTSMART retained and did not pay Plaintiff for a substantial number of hours, at any rate, not even at the minimum wage rate.

20. Therefore, Defendant SHIFTSMART also willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

21. Plaintiff LUCANIA seeks to recover unpaid regular and overtime wages for all hours worked in excess of forty (40) per workweek throughout the course of her employment, along with liquidated damages and any other relief permitted by law.

<u>Collective Action Allegations</u>

22. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement.

23. Plaintiff contends that Defendant SHIFTSMART, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every regular and overtime hour worked at the rate of time and one-half their regular rate.

24. This action is intended to include every stocking employee, food prep employee, and any other similarly-situated individuals who worked for Defendant at any time during the past three (3) years.

**<u>COUNT I:</u>**
**<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u>**
**<u>FAILURE TO PAY OVERTIME; AGAINST DEFENDANT SHIFTSMART</u>**

25. Plaintiff, LUCANIA, re-adopts every factual allegation stated in paragraphs 1-24 above as if set out in full herein.

26. This action is brought by Plaintiff LUCANIA, and those similarly situated to recover from the Employer unpaid overtime compensation, as well as an additional amount of liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate, not less than one and a half times the regular rate at which he is employed."

27. Defendant SHIFTSMART employed Plaintiff LUCANIA as a non-exempt, full-time stocking employee from January of 2026, to the present, or approximately 15 weeks.

28. During the relevant period, Plaintiff worked primarily as a stoking employee. In addition to stocking, she was responsible for various other general tasks convenient store tasks, including food preparation.

29. Plaintiff had an hourly rate of $16.00. Plaintiff's overtime should be $24.00 per overtime hour.

30. While employed by Defendant SHIFTSMART, Plaintiff worked from Monday to Sunday, approximately 30 to 35 hours per week "on the clock".  However, Plaintiff was working a total of up to 45 hours per week, including time "off the clock".

31. While employed by Defendant, Plaintiff was not paid her wages properly.

32. Plaintiff regularly worked over 40 hours per week, however, despite working up to 45 hours, Plaintiff was not paid for every hour worked, and she was not compensated for overtime hours as mandated by law

33. Thus, Plaintiff has not been paid overtime hours during her entire employment period, as required by law.

34. Plaintiff clocked in and out using the telephone application, however, the application system automatically clocks Plaintiff out despite Plaintiff continuing to work compensable hours.

35. Defendant SHIFTSMART controls Plaintiff's schedule and activities. Defendant SHIFTSMART was, and is, aware of the number of hours that Plaintiff and other similarly situated individuals were and are working.

36. Therefore, Defendant SHIFTSMART willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every

hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

37. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendant. However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees, upon information and belief.

38. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

39. Upon information and belief, Defendant SHIFTSMART never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

40. Plaintiff does not possess time and payment records, but she will provide a reasonable good-faith estimate based on her recollection and knowledge of her schedule and hours worked. After discovery, Plaintiff will amend her statement of claim if necessary.

a. Total amount of alleged unpaid O/T wages:

One-Thousand, Eight-Hundred Dollars and 00/100 ($1,800.00)

b. Calculation of such wages:

Total period of employment: 15 weeks to date
Relevant weeks of employment: 15 weeks to date
Total hours worked weekly: 45 hours
Total unpaid O/T hours: 5 O/T hours
Hourly rate: $16.00 an hour x 1.5=$24.00 O/T
Overtime rate: $24.00 an hour

$24.00 x 5 O/T hours=$120.00 weekly x 15 weeks=$1,800.00

c. Nature of wages (e.g., overtime or straight time):

This amount represents unpaid overtime wages.[1]

41. The Employer/Defendant failed to comply with Title 29 USC §207 (a) (1). Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to properly pay them at the rate of one and a half times their regular rate for all hours worked over forty hours (40) per workweek, as provided in said Act.

42. Defendant SHIFTSMART knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations

those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

43. Defendant SHIFTSMART willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by the laws of the United States, and have owed Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above.

44. Plaintiff LUCANIA has retained the law offices of the undersigned attorney to represent her in this action, and she is obligated to pay reasonable attorney's fees and costs.

Prayer for Relief

Wherefore, Plaintiff LUCANIA and those similarly-situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff LUCANIA and other similarly-situated individuals and against Defendant SHIFTSMART based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff LUCANIA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of

forty hours weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable, just, and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff LUCANIA demands a trial by a jury of all issues triable as a matter of right.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST DEFENDANT SHIFTSMART

45. Plaintiff LUCANIA re-adopts every factual allegation stated in paragraphs 1-24 of this complaint as if set out in full herein.

46. Plaintiff brings this action to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for

commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day.

47. Defendant SHIFTSMART employed Plaintiff LUCANIA as a non-exempt, full-time stocking employee from January 2026, to the present, or approximately 15 weeks to date.

48. During the relevant period, Plaintiff worked primarily as a Stocking Employee. Plaintiff had an hourly rate of $16.00 per hour.

49. While employed by Defendant, Plaintiff worked up to 45 hours per week.

50. While employed by Defendant, Plaintiff was not paid for approximately 5 regular hours of work per week.

51. Defendant SHIFTSMART retained and did not pay Plaintiff for a substantial number of hours, at any rate, not even at the minimum wage rate.

52. Plaintiff clocked in and out using the telephone application, however, the application system automatically clocks Plaintiff out despite Plaintiff continuing to work compensable hours.

53. Defendant SHIFTSMART controls Plaintiff's schedule and activities. Defendant SHIFTSMART was, and is, aware of the number of hours that Plaintiff and other similarly situated individuals were and are working.

54. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

55. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other similarly situated employees.

56. Defendant SHIFTSMART violated the record-keeping requirements of FLSA, 29 CFR Part 516.

57. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage

payments. Accordingly, Defendant SHIFTSMART violated the Posting requirements of 29 USC § 516.4.

58. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid minimum wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery dictates.

a. <u>Total amount of alleged unpaid minimum wages</u>:

Five-Hundred, Forty-Three Dollars and 75/100 ($543.75)

b. <u>Calculation of such wages</u>:

Total weeks of employment: 15 weeks to date
Total relevant weeks of employment: 15 weeks to date
Total hours worked: 45 hours
Total unpaid regular hours: 5 regular hours weekly
Regular rate: $16.00
Federal Minimum wage: $7.25 an hour

$7.25 x 5 regular hours=$36.25 weekly x 15 weeks=$543.75

d. <u>Nature of wages</u>:

This amount represents unpaid regular hours at the Federal minimum wage rate.[2]

---

At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations

59. Defendant SHIFTSMART unlawfully failed to pay Plaintiff minimum wages. Plaintiff seeks to recover any unpaid minimum wages accumulated from the date of hire to the present date.

60. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendant. Plaintiff is entitled to recover double damages.

61. Defendant SHIFTSMART willfully and intentionally refuses to pay Plaintiff minimum wages as required by the law of the United States and remains owing Plaintiff these minimum wages as set forth above.

62. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees and costs.

<u>Prayer for Relief</u>

Wherefore, Plaintiff LUCANIA and other similarly situated employees respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff and against Defendant SHIFTSMART, based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and other Federal Regulations; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorney's fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff LUCANIA and those similarly-situated demand trial by jury of all issues triable as of right by a jury.

Date: April 17th, 2026,                    Respectfully submitted,

By:  */s/ Alexis Mena-Glasgow*
**Alexis Mena-Glasgow**
SIMPSON & MENA, P.A.
Florida Bar No.: 117839
2250 SW Third Avenue, Suite 501
Miami, FL 33129
Telephone: (305) 912-7665
Email: **alexis@simpsonmenalaw.com**
*Attorney for Plaintiff*